UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARE REDMOND,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. TAMPKINS,<br><br>　　　　　Respondent. | No. 2:19-cv-1511 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and an application to proceed in forma pauperis, ECF No. 6.

　　I.　　Application to Proceed In Forma Pauperis

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 6. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　II.　　Procedural History

　　　　In 1997, petitioner was convicted on multiple counts, including felony possession of marijuana, with enhancements for personally using a firearm and personally using an assault weapon. ECF No. 1 at 1-2, 237. He was sentenced to a state prison term of thirty-five years and four months, was ordered to pay restitution in the amount of $46,682.00, and was awarded 339

days of presentence credit. Id. at 1-2, 13, 48-53, 237-38. At the same time, the trial court sentenced him to a two-year sentence for an escape conviction in another case, to be served concurrently, and awarded ninety-seven days of presentence credit. Id. at 13-14, 48-50, 238.

In 2017, petitioner filed a petition pursuant to Proposition 64 to reduce his felony marijuana conviction to a misdemeanor, id. at 10, which was denied on the ground that petitioner posed an unreasonable risk of danger, id. at 175-76.

III.    Petition

Petitioner challenges his sentence, as well as the failure to consider his youth and to strike or dismiss his firearm enhancements during proceedings on his 2017 petition to reduce his marijuana conviction to a misdemeanor. First, he asserts that under Senate Bill (SB) 620 he was entitled to have the state court strike or dismiss his firearm enhancements during his Proposition 64 proceedings. Id. at 9-11. Second, he contends the trial court erred when calculating his presentencing custody and conduct credits during his original sentencing. Id. at 12-15. Next, petitioner alleges that trial and appellate counsel were ineffective for failing to object to the imposition and amount of restitution, which he further asserts was unconstitutionally imposed in violation of his due process and equal protection rights. Id. at 15-30. Finally, petitioner argues that at his Proposition 64 hearing, the court was required under SB 260/261 to consider his youth at the time he committed the offenses and should have issued a more proportionate sentence. Id. at 30-33.

IV.    Discussion

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Matters relating solely to the interpretation or application of state law are not cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law." (citations omitted)).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his

2

claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and should be dismissed.

### A.   Grounds One and Four

In Ground One, petitioner argues that he was entitled to have his firearm enhancements stricken or dismissed under SB 620 during his Proposition 64 resentencing hearing. ECF No. 1 at 8-11. Ground Four asserts that SB 260/261 required the court to consider his youth at the time he committed his offense, thereby entitling him to a lesser sentence during his resentencing hearing. Id. at 30-33.

Issues related to the application of these California sentencing provisions do not state a claim for federal habeas relief, because a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law" (citation omitted)); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law" (citation omitted)). The only exception is if "the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis, 497 U.S. at 780 (citation omitted). However, petitioner cannot

1  show that the state court acted in an arbitrary or capricious manner in resentencing because,

2  contrary to his assertion, the attachments to the petition show that he was not granted a

3  resentencing hearing.  ECF No. 1 at 176.  Instead, his petition for resentencing was denied on the

4  ground that he posed an unreasonable risk of danger and therefore was ineligible.  Id. at 175-76.

5  Since petitioner was never actually resentenced, any considerations that the state court may have

6  been required to make during a resentencing are irrelevant.

7        To the extent petitioner may be attempting to argue that the changes in California law

8  applied to him regardless of whether he was resentenced, the claims still fail.  The records

9  provided with the petition show that the state court determined that the changes enacted by SB

10 620 did not apply retroactively to petitioner's judgment, because his judgment had become final

11 long before the change in law occurred.  ECF No. 1 at 238-39.  Whether changes to state

12 sentencing law apply retroactively is a question of state law that is not cognizable on habeas.

13 Benson v. Carter, 396 F.2d 319, 323 (9th Cir. 1968) ("[T]he decision of a state court to limit the

14 retroactive effect of a rule involving state law does not raise a federal question." (citation

15 omitted)).

16       With respect to SB 260 and 261,

17-25
> Senate Bill 260 enacted California Penal Code section 3501.  Section 3501 provides that any individual serving a sentence imposed for a crime committed when the individual was under the age of eighteen may obtain a juvenile offender parole hearing.  Senate Bill 260 also amended California Penal Code section 4801.  Section 4801 now provides that, in considering the parole eligibility of such an individual, the Board of Parole Hearings should "give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."  See Cal. Penal Code § 4801 (c) (eff. Jan. 1, 2014 to Dec. 31, 2015).  In 2015, the California Legislature enacted Senate Bill 261, which extended the juvenile offender provisions of section 4801(c) to individuals . . . who were under the age of twenty-three at the time of the commitment offense.  See Cal. Stats. 2015, c. 471 (S.B. 261, § 2, eff. Jan. 1, 2016).

26 Wheeler v. Gastelo, No. 19-cv-1094 CJC E, 2019 WL 3069172, at *4, 2019 U.S. Dist. LEXIS

27 116523, at *12-13 (C.D. Cal. May 30, 2019), adopted in full, 2019 WL 3067588, 2019 U.S. Dist.

28 LEXIS 116601 (July 8, 2019).  The alleged denial of consideration under either provision

involves no more than a violation of state law.  Id. at *5, 2019 U.S. Dist. LEXIS 116523, at *13 (citations omitted); Morales v. Kernan, No. 2:19-cv-1394 JVS KES, 2019 WL 2295416, at *5, 2019 U.S. Dist. LEXIS 90078, at *12 (C.D. Cal. May 24, 2019) (claims for resentencing under SB 620 and for parole consideration under SB 260 are not cognizable federal claims), adopted in full, 2019 WL 2285354, 2019 U.S. Dist. LEXIS 90035 (May 28, 2019).

Finally, to the extent petitioner suggests that Miller v. Alabama, 567 U.S. 460 (2012), required the court to consider his youth at the time of his offense, such a claim provides no basis for relief.  Miller prohibits mandatory sentences of life without parole for those under the age of eighteen at the time of their offense.   Petitioner did not receive a life sentence, mandatory or otherwise.

B. Ground Two

Petitioner's second ground alleges that the trial court deprived him of his right to presentence and conduct credits under California Penal Code §§ 2900.5 and 4019 and violated his right to due process when it miscalculated his presentence custody and conduct credits.  ECF No. 1 at 12-15.  To the extent petitioner premises his claim on a violation of state law, allegations of error regarding state law are not cognizable under federal habeas, Lewis, 497 U.S. at 780, and he cannot transform his claim into a federal one by simply asserting a due process violation, Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  However, an exception exists if "the state court's finding was so arbitrary or capricious as to constitute an independent due process . . . violation." Lewis, 497 U.S. at 780 (citation omitted).  Although it appears that petitioner is attempting to assert the miscalculation was arbitrary and capricious, ECF No. 1 at 13-15, the records attached to the petition show that the trial court's calculation, and the subsequent affirmations of that calculation, were based upon the court's own records related to the term of petitioner's presentence custody, id. at 57, 187-88, 239.  Though petitioner contests that the term of custody reflected in the court's records was incorrect, that does not render the court's reliance on those records and its subsequent calculation arbitrary or capricious, and a number of other courts have held that the miscalculation of presentence credits does not state a claim for federal habeas relief.  See, e.g., Logan v. Hubbard, No. 07-cv-2704 LKK KJM, 2008 WL 2074468, at *1,

2008 U.S. Dist. LEXIS 43076, at *1 (E.D. Cal. May 12, 2008), adopted in full, 2008 WL 2704980, 2008 U.S. Dist. LEXIS 54804 (July 10, 2008); Aceves v. Blanks, No. 02-cv-5088 VRW, 2003 WL 23025447, at *2, 2003 U.S. Dist. LEXIS 23098, at *4-5 (N.D. Cal. Dec. 19, 2003); O'Neal v. Sherman, No. 14-cv-0974 DDP GJS, 2016 WL 1714552, at *16, 2016 U.S. Dist. LEXIS 56920, at *48-51 (C.D. Cal. Feb. 26, 2016), adopted in full, 2016 WL 1715185, 2016 U.S. Dist. LEXIS 56919 (Apr. 28, 2016); Osibamowo v. Gonzalez, No. 09-cv-4912 ODW OP, 2010 WL 4027455, at *4-5, 2010 U.S. Dist. LEXIS 109126, at *11-12 (C.D. Cal. Aug. 2, 2010), adopted in full, 2010 WL 4025843, 2010 U.S. Dist. LEXIS 109134 (Oct. 12, 2010).

    C.    Ground Three

Petitioner's third ground challenges his restitution penalty and the effectiveness of counsel. Specifically, he contends that the imposition of restitution violated his due process and equal protection rights and that both his trial and appellate counsel were ineffective because they failed to object to the restitution. Id. at 15-30.

This circuit has stated "that § 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010). "The fact that [petitioner] seeks release from custody in addition to relief from his fine does not create jurisdiction to review the fine." Tuggle v. Campbell, 261 F. App'x 56, 58 (9th Cir. 2007) (citing United States v. Thiele, 314 F.3d 388, 402 (9th Cir. 2002)). Nor is the claim cognizable when petitioner "couche[s] his restitution claim in terms of ineffective assistance of counsel." Thiele, 314 F.3d at 402 (citing United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999)); Bailey, 599 F.3d at 981-82 (quoting Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009)). Ground Three is therefore not cognizable and must be dismissed.

    V.    Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

6

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 6) is granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE